UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

──────

ANTONIO STAPLETON,

                    Plaintiff,                    Case No. 1:11-cv-601

v.                                                Honorable Janet T. Neff

R. BRYSON et al.,

                    Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed as frivolous.

## Factual Allegations

Plaintiff Antonio Stapleton presently is incarcerated with the Michigan Department of Corrections and housed at the Marquette Branch Prison (MBP), though the actions about which he complains occurred while he was housed at the Earnest C. Brooks Correctional Facility (LRF).

He sues the following Defendants:  MDOC Director Richard M. McKeon; LRF Assistant Resident Unit Manager R. Bryson; LRF Resident Unit Officer D. Wexstaff; and MBP Grievance Coordinator Glenn Caron.

Plaintiff alleges that, on November 9, 2004, the Michigan Court of Appeals affirmed his criminal conviction.  He had 56 days, or until January 4, 2005, in which to file an application for leave to appeal to the Michigan Supreme Court.  Petitioner completed his application for leave to appeal on December 18, 2004.  On December 19, 2004, Plaintiff delivered a kite to Defendant Bryson, asking for a call out on Monday, December 20, 2004, so that he could send his legal mail. Bryson made no response.  On December 20, Plaintiff put another kite in Bryson's mailbox. Plaintiff received a response on December 23, notifying him that he would be called out the following Monday, December 27, when administrative staff returned from the Christmas holidays. Plaintiff, however, was not called out on December 27.  He spoke to Defendant Wexstaff, expressing the urgency of the situation and asking Wexstaff to contact the shift commander or the warden. Wexstaff laughed and declined.  At noon on that date, Plaintiff also slid kites under both Resident Unit Manager Wells' and Defendant Bryson's doors.  He received no response.  Finally, on January 3, 2005, Defendant Bryson called Plaintiff to the office.  Plaintiff submitted his proposed pleading, together with an Expedited Legal Mail Disbursement addressed to the Supreme Court.  On January 5, 2005, the Michigan Supreme Court refused to accept the application for filing because it was untimely.  Plaintiff's application for leave to appeal was returned to him.  Plaintiff was then transferred to the Oaks Correctional Facility.  On August 5, 2005, Plaintiff filed a motion in the Michigan Supreme Court seeking reconsideration of the court's rejection of his application for leave

to appeal.  His motion also was returned to him with a notation that there existed no exception to the time limitation.

On June 11, 2010, Plaintiff filed a motion for miscellaneous relief in the Michigan Supreme Court, based on the recent amendments to the Michigan Court Rules adopting a "prison mailbox rule" in criminal cases, deeming an appellate pleading filed on the date of deposit in the outgoing prison mails.  *See* MICH. CT. R. 7.205(A)(3), 7.302(C)(3).  Plaintiff's motion was rejected and returned to him.  Plaintiff then consulted with an attorney who, on February 12, 2011, advised Plaintiff that it appeared that the MDOC may have prevented his pleadings from being filed timely.  Plaintiff alleges that he became aware of his injury only when he received the attorney's letter.

Plaintiff filed a grievance on March 9, 2011, asserting that Defendants had acted unconstitutionally to delay his legal mail and leave him with no meaningful remedy for his allegedly unconstitutional detention.  Plaintiff's grievance was denied by Defendant Caron at Step I, by Defendant Nepal at Step II, and by Defendant McKeon at Step III.

Plaintiff alleges multiple state and federal constitutional and statutory violations, including claims that he was denied access to the courts, subjected to cruel and unusual punishment and deprived of due process.  For relief, he seeks a declaration that his rights were violated and a permanent injunction requiring that his mail be sent within 48 hours.  He also seeks compensatory and punitive damages.

### Discussion

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983.  *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985).  For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.  *See* MICH.

COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam);

*Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  Accrual of the

claim for relief, however, is a question of federal law.  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.

1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run

when the aggrieved party knows or has reason to know of the injury that is the basis of his action.

*Collyer*, 98 F.3d at 220.[1]  Determining when a plaintiff should have known of his injury "is an

objective standard based on an examination of the surrounding circumstances. . . . [A] plaintiff's

cause of action accrues when, on the basis of objective facts, the plaintiff should have known of an

injury, even if a subjective belief regarding the injury occurs at a later date."  *Moll v. Abbott Labs.*,

506 N.W.2d 816, 818 (Mich. 2002).  In addition, Michigan law "compels strict adherence to the

general rule that "subsequent damages do not give rise to a new cause of action.  The discovery rule

applies to the discovery of an injury, not to the discovery of a later realized consequence of the

injury."  *Id.*  (citing *Larson v. Johns-Manville Sales Corp.*, 399 N.W.2d 1, 7 (Mich. 1986)).

        Plaintiff's complaint is untimely.  He asserts claims arising out of conduct that

occurred in late 2004 and early 2005.  Notwithstanding his assertion that he did not learn of the

injury until 2011, Plaintiff had reason to know of the "harms" done to him at the time they occurred.

Once the Michigan Supreme Court rejected his appeal as untimely, Petitioner was or should have

been aware that he no longer had the right to appeal his criminal conviction.  Hence, his claims

accrued in 2005.  However, Plaintiff did not file his complaint until 2011, well past Michigan's

---

[1]28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990.  The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute.  *Id.* at 382.

three-year limit.  Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated.  *See* MICH. COMP. LAWS § 600.5851(9).  Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations.  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).  The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate.  *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000).  Accordingly, Plaintiff's action must be dismissed as frivolous.[2]

---

[2]Plaintiff also fails to state an actionable claim against Defendants Caron, Napel and McKeon.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Because Plaintiff's claims against Caron, Napel and McKeon arise solely out of their denials of Plaintiff's grievances or their failures to adequately supervise their subordinates, Plaintiff fails to state a claim against these Defendants.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: July 12, 2011                              /s/ Janet T. Neff
                                                   Janet T. Neff
                                                   United States District Judge